```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION
```

UNITED STATES OF AMERICA

v.                                   Case No. 8:12-cr-284-T-33SPF

CESAR MANSILLA CASTELLON

_____/

**ORDER**

This matter comes before the Court upon consideration of Defendant Cesar Mansilla Castellon's Motion for Compassionate Release (Doc. # 194), filed on September 29, 2020. For the reasons that follow, the Motion is denied without prejudice.

**I.   Background**

In 2013, Castellon pled guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States in violation of 46 U.S.C. §§ 70503(a), 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii). (Doc. ## 93, 102). The Court sentenced him to 120 months' imprisonment on April 11, 2013. (Doc. # 118). According to the Bureau of Prisons (BOP) website, Castellon is thirty-six years old and his projected release date is April 24, 2021.

1

Now, Castellon seeks compassionate release from prison due to the COVID-19 pandemic and his deteriorating health. (Doc. # 194 at 1-3). The government responded in opposition on October 14, 2020. (Doc. # 197). The Motion is now ripe for review.

## II. Discussion

In his Motion, Castellon requests compassionate release or a reduction in sentence due to "extraordinary and compelling reasons." (Doc. # 194 at 1). Specifically, Castellon points to the COVID-19 pandemic and argues that prisons are "ill-equipped to prevent the spread of COVID-19." (Id. at 6). Castellon further argues that he is "legally blind and suffering from a medical condition that was complicated when his appendix was removed." (Id. at 3). Castellon believes a foreign object was left behind in his abdomen, and his health is deteriorating because "he is not being able to properly care for himself." (Id.).

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010); see also United States v. Diaz-Clark, 292 F.3d 1310, 1317-18

2

(11th Cir. 2002) (collecting cases and explaining that district courts lack the inherent authority to modify a sentence). Specifically, 18 U.S.C. § 3582(c) sets forth the limited circumstances in which a district court may reduce or otherwise modify a term of imprisonment after it has been imposed. Castellon requests a reduction in sentence under Section 3582(c)(1)(A)(i), which permits a court to reduce a sentence where "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).

But Section 3582(c) only empowers the Court to grant a reduction in sentence on the defendant's motion "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A); see also United States v. Estrada Elias, No. CR 6:06-096-DCR, 2019 WL 2193856, at *2 (E.D. Ky. May 21, 2019) (explaining that the First Step Act of 2018 "does not alter the requirement that prisoners must first exhaust administrative remedies before seeking judicial relief").

3

Here, Castellon argues that he has "exhausted all available administrative remedies by seeking compassionate release through the Warden at North Lake CI." (Doc. # 194 at 2). However, as the government points out, the document attached to Castellon's motion is a denial from GEO Group, Inc., the prison services contractor that operates North Lake CI. (Id. 10-11). The GEO Facility Administrator advised Castellon that the recommendation denying compassionate release was "non-final and may be appealed thru the Bureau of Prisons Administrative Remedy Procedures outlined in the Inmate Admission and Orientation Handbook." (Id. at 11). Castellon does not allege that he appealed the non-final recommendation through the requisite BOP administrative remedy procedure.

Therefore, because Castellon has not exhausted his administrative remedies, the motion must be denied without prejudice. See, e.g., United States v. Reeves, No. CR 18-00294, 2020 WL 1816496, at *2 (W.D. La. Apr. 9, 2020) (denying motion for compassionate release due to COVID-19 and explaining that "[Section 3582](c)(1)(A) does not provide this Court with the equitable authority to excuse Reeves'

4

failure to exhaust his administrative remedies").

While Castellon's concerns about the COVID-19 pandemic are understandable, the Court notes that several measures have already been taken in response to the pandemic. For example,

> [u]nder the recently enacted CARES Act, Pub. L. No. 116-136, § 12003(b)(2) (2020), "if the Attorney General finds that emergency conditions will materially affect" the BOP's functioning, the BOP Director may "lengthen the maximum amount of time for which [he] is authorized to place a prisoner in home confinement" under 18 U.S.C. § 3624(c)(2). The Attorney General has made such a finding regarding the emergency conditions that now exist as a result of the coronavirus. See Memorandum from Attorney Gen. William Barr to Director of Bureau of Prisons (Apr. 3, 2020), https://www.justice.gov/file/1266661/download.

United States v. Engleson, No. 13-cr-340-3 (RJS), 2020 WL 1821797, at *1 (S.D.N.Y. Apr. 10, 2020). In addition, the BOP has established numerous procedures to combat the spread of COVID-19 within its facilities. See Federal Bureau of Prisons, Updates to BOP COVID-19 Action Plan: Inmate Movement, available at https://www.bop.gov/resources/news/20200319_covid19_update.jsp (last updated Mar. 19, 2020).

Accordingly, if Castellon has concerns about his continued incarceration during the COVID-19 pandemic, he

5

should first seek relief from the BOP. Castellon is free to re-file his motion after exhausting his administrative remedies with the BOP.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Cesar Mansilla Castellon's Motion for Compassionate Release (Doc. # 194) is **DENIED** without prejudice for failure to exhaust administrative remedies.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 27th day of October, 2020.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE